**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:15-CV-875-CHL**

**JAMES L. BILLER,**                                                                                          **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                          **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the complaint (DN 1) of plaintiff James L. Biller ("Biller") filed on December 11, 2015.  In his complaint, Biller seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner").  *See* 42 U.S.C. § 405(g) (2012) ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .").  Biller filed a Fact and Law Summary (DN 10) and accompanying memorandum (DN 10-1) on April 1, 2016.  The Commissioner filed a Fact and Law Summary on May 25, 2016 (DN 13).

The parties have consented to the jurisdiction of a magistrate judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (*See* DN 8.)  Therefore, this matter is ripe for review.  For the reasons set forth below, the final decision of the Commissioner is affirmed.

**I.      BACKGROUND**

Biller filed an application for disability and disability insurance benefits on or about November 23, 2011.  (R. 75, 127, 210.)  Biller alleged that he became disabled on April 1, 2011

as a result of back pain and back surgery. (R. 214, 254, 256.) Administrative Law Judge D. Lyndell Picket ("the ALJ") conducted a hearing on May 29, 2014. (*Id*. at 87.) Biller was present and represented by counsel Michael R. Green. (*Id*. at 89.) William Harpool, a vocational expert, also testified at the hearing. (*Id*.) In a decision dated June 10, 2014, the ALJ engaged in the five-step evaluation process promulgated by the Commissioner to determine whether an individual is disabled. In doing so, the ALJ made the following findings.

1. The claimant last met the insured status requirements of the Social Security Act on March 30, 2012.[1]

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 1, 2011, through his date last insured of March 30, 2012.

3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease of the lumbar spine.

4. Throughthe date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. That, through the date last inured, the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except that he needs a sit/stand option every 30 minutes along with 1-5 minutes to change positions from sitting to standing and vice versa (along with normal breaks and lunch). The claimant is limited to occasionally climbing ramps, stairs, ladders, ropes, or scaffolds, balancing, stooping, kneeling,

---

[1] The ALJ listed March 30, 2012 as the date that Biller was last insured. The record indicates the date that he was last insured was March 31, 2012. (*See, e.g*., R. 125-26.) Biller does not take issue with this date and it is not outcome determinative. Therefore, to the extent the ALJ erred in stating the wrong date, such error was harmless.

crouching, and crawling. He should avoid concentrated exposure to vibration secondary to complaints of back pain due to degenerative disc disease of the lumbar spine.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on October 27, 1962 and was 49 years old, which is defined as a younger individual age 45-49, on the date last insured.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 1, 2011, the alleged onset date, through March 30, 2012, the date last insured.

(R. 77-83.)

Biller timely requested an appeal to the Appeals Council on or about August 13, 2014. (*Id*. at 70.) On September 2, 2014, Biller submitted to the Appeals Council an affidavit from Dr. John Johnson dated August 28, 2014. (*Id*. at 34-36.) On June 3, 2015, Biller also submitted to the Appeals Council treatment records from Bluegrass Pain Consultants from February 2014 through May 2015, as well as an MRI dated April 16, 2015. (*Id*. at 5-29.) The Appeals Council

considered these documents and concluded that the ALJ decided Biller's case through March 30, 2012 and "[t]his new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits." (*Id*. at 2.) Thus, the Appeals Council denied Biller's request for review on October 13, 2015. (*Id*. at 1.) At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210(a); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Biller filed this action on December 11, 2015.

## II.   DISCUSSION

The Social Security Act authorizes payment of disability insurance benefits to persons with disabilities. Social Security Act, Disability Insurance Benefits, 42 U.S.C. §§ 401-34 (2012). To establish entitlement to disability insurance benefits, a claimant must establish that he became disabled" prior to the expiration of his insured status. 42 U.S.C. § 423(a), (c); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Therefore, Biller must show that his condition rendered him disabled on or before March 30, 2012, the date that his insured status expired. An individual shall be considered disabled if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a).

### A.   Standard of Review

In conducting its review, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Sec'y of Health and Human Servs.*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972)). Rather,

the Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and that the correct legal standards were applied. 42 U.S.C. § 405(g); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011). If the answer is "yes," then the Court may not even inquire as to whether the record could support a decision the other way. *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sec'y of Health and Human Servs.*, 2 F.3d 692, 695 (6th Cir. 1993) (quoting *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)) (internal quotation marks omitted). Therefore, "[a] reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart*, 710 F.3d at 374.

    **B.**    **Five-Step Sequential Evaluation Process**

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

5

      3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1 to Subpart P of Part 404 of this chapter? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

      4)      Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

      5)      Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

*Id*.

The claimant bears the burden of proof with respect to the first four steps. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422-23 (6th Cir. 2008). The burden shifts to the Commissioner at the fifth step to prove that there are available jobs in the national economy that the claimant is capable of performing. *Id*. at 423. The claimant, however, always retains the burden of proving lack of RFC. *Herr v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C.     Biller's Contentions

Biller contests six of the ALJ's findings: Finding 3, Finding 4, Finding 5, Finding 9, Finding 10, and Finding 11. (DN 10-1.) In contesting the ALJ's findings, Biller relies almost exclusively on the affidavit of Dr. Johnson, which was submitted to the Appeals Council after the ALJ's decision.[2]

---

[2] A copy of the affidavit is also attached to Biller's Fact and Law Summary.

The Court cannot consider new evidence that was not considered by the ALJ in determining whether to uphold, modify, or reverse the ALJ's decision. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision.") (citing *Cotton v. Sec'y of Health and Human Servs.*, 2 F.3d 692, 696 (6th Cir. 1993)). However, there is an exception pursuant to sentence six of 42 U.S.C. § 405(g). Under sentence six, the Court is permitted to consider additional evidence if plaintiff demonstrates (1) the evidence is "new" and "material" and (2) there is "good cause" for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Foster*, 279 F.3d at 357).

Biller, who is represented by counsel, has not requested that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g).[3] *Cf. Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) ("There is no backdoor route to get new evidence considered for the first time at the court of appeals level; the only method to have new evidence considered is to *ask* for a sentence six remand under 42 U.S.C. § 405(g) . . . .") (emphasis added). Nor has Biller argued that the evidence submitted after the ALJ's decision, namely Dr. Johnson's affidavit, was new and material and that there was good cause for his failure to timely incorporate that evidence into the

---

[3] Biller has not argued for a remand under the other provision of Section 405(g) authorizing a remand (*i.e.*, a "sentence four" remand) either. Under a sentence four of Section 405(g), a district court may remand a matter after "if it determines that a rehearing before the Commission is warranted in light of the court's ruling." *Hollon*, 447 F.3d at 483.

record.[4] Therefore, any such argument has been waived. *See United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999) (finding that issues adverted to in a "perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 996-96 (6th Cir. 1997)) (internal quotation marks omitted). Consequently, the Court finds that the affidavit of Dr. Johnson may not be considered in determining whether to uphold, modify, or reverse the ALJ's decision. With this ruling in mind, the Court will address each of Biller's contentions.

### 1. Findings 3 and 4

Biller relies exclusively on the affidavit of Dr. Johnson, which the Court has determined it cannot consider, to contest Findings 3 and 4. Therefore, the Court will not remand this matter on the basis of Findings 3 and 4.

### 2. Finding 5

In contesting Finding 5 – the RFC determination by the ALJ – Biller states that "the testimony offered by Mr. Biller was entirely accurate and believable at the hearing. This is proven by the fact that Mr. Biller's testimony mirrors that of the testimony provided by his treating physician in his Affidavit." (DN 10-1, p. 3.) Biller does not point to any specific testimony and instead appears to be arguing that his unidentified testimony at the hearing before the ALJ is credible because it mirrors that of Dr. Johnson. Biller is, once again, relying on Dr.

---

[4] Indeed, Biller cannot show that the affidavit was material, as it is dated after March 30, 2012, the date Biller was last insured. *See Staples v. Comm'r of Soc. Sec.*, 159 F. App'x 670, 672 (6th Cir. 2005) ("In regard to the request to remand, we conclude that Staples' new evidence is immaterial: test results and doctor's notes from fall 2001, back surgeries that she had in 2003, and her mental impairments in 2003, have little or no probative value as to her condition during the insured period of March–June 2000."); *Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) ("The additional medical evidence submitted by the claimant is not material to the Secretary's decision that Oliver could perform light or sedentary work as of December 5, 1983. The new evidence was compiled in March 1985, and it does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983.").

Johnson's affidavit, which the Court has already concluded it cannot consider. Furthermore, Biller makes no effort to otherwise argue or show how his own testimony provides proof that the ALJ's RFC determination is not supported by substantial evidence. Therefore, the Court declines to remand this matter on the basis of Finding 5.

### 3. Finding 9

In contesting Finding 9, Biller simply relies on the reasons that he provided in contesting Findings 3, 4, and 5, and the Court has declined to remand on the basis of those findings. Therefore, the Court declines to remand this matter on the basis of Finding 9.

### 4. Finding 10

Finding 10 was the ALJ's determination that Biller was not under a disability from April 1, 2011 through March 30, 2012. In contesting Finding 10, Biller states that he has limited formal education and is not a high school graduate, his past work history could be described as that of a laborer, and he has primarily been employed as a laborer or heavy machine operator; thus, Biller concludes that "given his limited education, [and] his reliance on jobs requiring significant and constant physical exertion, [he] is regrettably disabled and cannot work in any capacity." (DN 10-1, p. 4.) Biller's purported argument is not inconsistent with the ALJ's findings. The ALJ found that Biller had a limited education and was unable to perform any past relevant work as a construction laborer and equipment operator. (R. 82.)

However, even if a claimant cannot perform past relevant work, he is not disabled if, based on his RFC, age, education, and past work experience, he is able to perform a significant number of jobs in the national economy. The ALJ concluded that, based on these factors, there were a significant number of jobs in the national economy that Biller could still perform. While

Biller "strongly disputes" this finding, he does not state why the ALJ's finding is not supported by substantial evidence. (DN 10-1, p. 4.)

Moreover, there is substantial evidence to support the conclusion that jobs exist in the national economy that Biller is capable of performing. The vocational expert considered Biller's age, education, work experience and RFC and identified jobs that existed in the national economy that he could perform, specifically (1) automatic machine operator jobs with 3,000 jobs in the state of Kentucky and 170,000 jobs available in the United States; (2) sedentary inspecting jobs with 3,200 jobs available in Kentucky and 185,000 jobs available in the United States; and (3) final assembly jobs with 3,700 jobs in Kentucky and 165,000 in the United States. (R. 83, 109.) When the ALJ must make a non-guideline determination, as he did here, he "may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). And this testimony can constitute substantial evidence to support the Commissioner's finding. *See Bradford v. Sec'y of of Health and Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (noting that a vocational expert's testimony can constitute substantial evidence to support the Commissioner's finding that a claimant is capable of performing a significant number of jobs existing in the local, regional, and national economies). Consequently, the Court finds the ALJ's determination that a significant number of jobs existed in the national economy is supported by substantial evidence. *See, e.g.*, *Hall v. Sec'y of Health and Human Servs.*, 837 F.2d 272, 275 (6th Cir. 1988) (concluding that ALJ's finding that 1,350 jobs in region constituted significant number was supported by substantial evidence); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. Dec. 22, 2009) (unpublished opinion)

(finding that 2,000 jobs constituted significant number). Therefore, the Court declines to remand on the basis of Finding 10.

### 5. Finding 11

In contesting Finding 11, Biller simply relies on the reasons that he provided in contesting Findings 3, 4, 5, 9, and 10, and the Court has declined to remand on the basis of those findings. Therefore, the Court declines to remand this matter on the basis of Finding 11.

### III. CONCLUSION

For the foregoing reasons, the Court, it is **ORDERED** as follows:

(1) The final decision of the Commissioner of Social Security is **AFFIRMED** and this action is **DISMISSED** with prejudice.

(2) A final judgment will be entered separately.

cc: Counsel of record

11